Ex parte STEWART.

(Supreme Court, Special Term, Erie County. October 21, 1912.)

HABEAS CORPUS (§ 99*)—CHILDREN—CUSTODY AND SUPPORT—RIGHT OF FA-
THER.

A nonresident father *held* not entitled, on the facts, to recover the cus-
tody of certain of his children from his divorced wife.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 84; Dec.
Dig. § 99.*]

Application by Donald Stewart for writ of habeas corpus to ob-
tain the custody of Beryl Stewart and others, infants. Dismissed.

See, also, 137 N. Y. Supp. 202.

R. E. L. Heard, of Buffalo, for petitioner.
Walter A. Saxon, of Brooklyn, for respondents.

POOLEY, J. The relator, Donald Stewart, is a resident of Sheri-
dan, in the state of Wyoming, and the respondent Ida Stewart is his
divorced wife, residing in Buffalo, N. Y. The relator commenced an
action in Wyoming for divorce against his wife, who had left him,
taking these children with her, and for a period of about 18 months,
pending the trial, he paid $100 per month for the support of his wife
and children. The decree granted the relator a divorce against his
wife, and by consent, or at least without opposition, their six minor
children were placed in the custody of the mother, and provision was
made whereby a trustee was appointed, having charge of certain real
estate in Sheridan, the net avails from which were to be sent to the
mother for the support of herself and children. These children range
from 17 to 6 years of age—three girls, Clare, Beryl, and Mildred, and
three boys, Donald, Harold, and Claude.

The respondent has abandoned the care of two of the children.
Clare, the oldest girl, is providing for herself, and Claude, the boy
of 12 years of age, was placed by her in an institution as a public
charge, and so remained until the father was informed of the situa-
tion, when he came on here and took the boy out. The oldest boy,
Donald, although still living with his mother, is earning sufficient to
take care of himself. These three are omitted from the formality of
being brought into court, and the writ only concerns the other three.
All the children, however, appeared in court, and all but Claude and
Mildred were sworn. It would have been more satisfactory had the
writ commanded the production of all the children, because they are
all equally the wards of the court. If they were all formally before
the court, I should rule, on the evidence before me, that Clare, the
oldest girl, had and has the right to provide for herself apart from
her mother, and that the mother has no further control of her person
or her earnings, and that Claude, having been abandoned by the
mother, could rightfully be taken care of by the father.

Regarding the other three, those produced pursuant to the writ,
they live with their mother, and the two older ones, Beryl, aged 14,
and Harold, aged 13, were sworn and expressed their desire to live

with the mother. Mildred, aged 6 or 7, was not sworn. The evidence satisfies me that the respondent's status and surroundings are not what they should be, in view of the fact that these young children are of tender years, with minds susceptible to improper influences. They are living in a rooming house, and have in the past moved from place to place many times. These three children, however, appear to be content, well clothed, and well nourished. Corporal punishment seems to be the rule; but the children who were sworn on behalf of respondent seem to be satisfied that the punishment, when administered, was deserved and not excessive. The conduct of the relator is criticised; but, while the criticism is in some respects just, it is not of a character to justify the court in making an order which might be construed as interfering with the judgment of the court of the state of Wyoming. The record here, however, might, with propriety, be presented to the Wyoming court, with a view to reforming the decree to fit present conditions.

It is unfortunate that this family of children should be broken up and the members of it separated; but separation seems inevitable, because the oldest child, having been barred from her mother's apartments, is supporting herself, and states that she does not desire to return to Wyoming, but is content to make her own way here, where she is employed. The disabled boy, Claude, is under the protection and care of his father. The youngest child, a girl of 6 or 7, should not at this time be taken from the custody of the mother.

The writ is therefore dismissed.